Dear Mr. Reeves:
Your request for an Attorney General's Opinion has been referred to me. You have asked whether the Winn Parish School Board has the authority to select an applicant for the position of supervisor of education that was not specifically recommended by the superintendent.
You have given the following facts in your opinion request:
 At the meeting the board went into executive session to discuss the applicant's professional competence. No applicant voiced an objection. When the board reconvened, it asked for a recommendation from the Superintendent. Her recommendation was not approved. The Superintendent then recommended that the position be re-advertised. A motion was made to this effect and defeated. She stated that she was not prepared to make another recommendation. After returning from another executive session, she then recommended another, who was not accepted. A motion was then made by a board member to hire a particular applicant. Prior to the vote another member stated that he wanted the Superintendent to make another recommendation, to which she responded, "It's ok." The vote was then taken and the applicant was selected.
This office was also provided with minutes of meetings of the Winn Parish School Board held on July 12 and 22, 1999. The minutes of the July 12, 1999 meeting do not indicate that the position of supervisor of instruction was filled from a recommendation by the superintendent. The minutes of the July 22, 1999 meeting states that the special session was called "to discuss the Board's position concerning the hiring of certificated personnel without the recommendation of the superintendent." Additionally, this office has been provided with a copy of a letter dated July 29, 1999 from Superintendent Willis to the President of the Winn Parish School Board stating that the appointment was without her recommendation. In short, this opinion assumes the appointment at issue was made without the recommendation of the superintendent.
Prior to its amendment in 1998, La. R.S. 14:81(A)(1) had allowed employment of teachers from nominations made by the superintendent "provided that a majority of the full membership of the board may elect teachers without endorsement of the superintendent." Under the above language, this office previously stated that teachers may be appointed pursuant to a superintendent's recommendation or by vote of a majority of the board. La. Atty. Gen. Op. No. 92-309. The opinion further noted that appointment of administrative personnel may be without the superintendent's recommendation, based upon their non-inclusion in the above statute and La. R.S. 17:84 that lists certain administrative personnel and states that school boards may appoint such "as may be needed" or "as may be necessary for the proper and efficient conduct of the schools; they may also fix their salaries and prescribe their duties."
In 1998, La. R.S. 17:81(A)(1) was amended to state that "teachers and all other certificated personnel" must be employed pursuant to "recommendations made by the city or parish superintendent as required by this Subsection." The statute was further amended to state:
 Each city and parish school board shall select teachers and all other certified personnel from recommendations made by the city or parish superintendent regarding the hiring and placement of all personnel for which state certification is required. It shall be the responsibility of the superintendent to ensure that all persons recommended have proper certification and are qualified for the position. Nothing shall prevent a school board from rejecting the recommendations made by the superintendent and requiring the superintendent to submit additional recommendations. R.S. 17:81(A)(2).
La. R.S. 17:84 was not amended.
The above amendment to La. R.S. 17:81 would appear to require a superintendent's recommendation prior to a school board's employment of an applicant for the position of supervisor of education, assuming that certification is required for the position. The school board would consequently be restricted to employing certified personnel receiving a superintendent's recommendation. The school board can reject such recommendation and require another, but cannot require the recommendation of a specific individual nor can it employ a certified person in the absence of such a recommendation.
La. R.S. 17:84 does not contradict the above. The statute allows the local board to determine the appropriate number of certain certified personnel it should hire. In other words, it does not require that a certain ratio of the listed personnel to students be maintained. Additionally, it permits the local board to "fix their salaries and prescribe their duties."
In sum, a local school board must employ only certified personnel receiving a superintendent's recommendation.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: JAMES C. HRDLICKA
Assistant Attorney General
RPI/JCH:lrs